# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 21-1116**

**September Term, 2021**

FILED ON: JUNE 10, 2022

JENNIFER L. ST. CROIX, M.D.,
　　　　　PETITIONER

v.

DRUG ENFORCEMENT ADMINISTRATION,
　　　　　RESPONDENT

---

On Petition for Review of a Final Order
of the Drug Enforcement Administration

---

Before: HENDERSON and ROGERS, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

## J U D G M E N T

This petition for review was considered on the record from the Drug Enforcement Administration ("DEA"), the briefs, and the deferred appendix. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the petition for review of the Drug Enforcement Administration's decision be **DENIED**.

Exercising authority pursuant to the Controlled Substances Act ("CSA"), DEA revoked Dr. St. Croix's registration to dispense controlled substances and denied all pending applications for renewal or modification of her registration. *Jennifer L. St. Croix, M.D., Decision and Order*, 86 Fed. Reg. 19010 (DEA, Apr. 12, 2021). Dr. St. Croix filed a timely petition for review. *See* 21 U.S.C. § 877. The court will uphold DEA's revocation decision if substantial evidence supported its factual determinations, *Penick Corp. v. DEA*, 491 F.3d 483, 488 (D.C. Cir. 2007) (citing 21 U.S.C. § 877), its reasoning is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," *id.* (quoting *Tourus Records, Inc. v. DEA,* 259 F.3d 731, 736 (D.C. Cir. 2001)); *see also* 5 U.S.C. § 706(2)(A), and its "sanction" is not a "flagrant departure from DEA policy and practice," *Chein v. DEA*, 533 F.3d 828, 835 (D.C. Cir. 2008) (quoting *Morall v. DEA*, 412 F.3d 165, 183 (D.C. Cir. 2005)). Applying these standards, the court concludes that DEA acted reasonably and within its discretion.

Pursuant to 21 U.S.C. § 824(a)(4), DEA may revoke or suspend a doctor's registration to prescribe controlled substances if it finds that the registrant "committed such acts as would render his registration under section 823 of this title inconsistent with the public interest as determined under such section." 21 U.S.C. § 823(f) provides five factors to determine whether registration is "inconsistent with the public interest":

(1)    The recommendation of the appropriate State licensing board or professional disciplinary authority.

(2)    The applicant's experience in dispensing, or conducting research with respect to controlled substances.

(3)    The applicant's conviction record under Federal or State laws relating to the manufacture, distribution, or dispensing of controlled substances.

(4)    Compliance with applicable State, Federal, or local laws relating to controlled substances.

(5)    Such other conduct which may threaten the public health and safety.

Dr. St. Croix entered into a three-year memorandum of agreement ("MOA") with DEA following an investigation concerning her prescription of controlled substances. The MOA granted Dr. St. Croix's application for registration to prescribe controlled substances subject to a series of conditions. These included that she would "abide by all Federal, State, and local laws and regulations pertaining to controlled substances" and "maintain a log of all controlled substances prescribed, administered or dispensed to patients . . . for review by DEA personnel at any time."

In the instant proceedings DEA found that Dr. St. Croix: (1) failed to maintain medical records of her prescriptions of controlled substances; (2) prescribed controlled substances for no legitimate medical purposes; (3) stored controlled substances at an unregistered location; (4) failed to provide effective controls to guard against theft or diversion of these substances; (5) provided misleading information to investigating agents; and (6) violated the terms of her pre-existing MOA with DEA by failing to provide monthly drug logs documenting all such prescriptions.

In so finding, DEA considered the record in its entirety and recounted the evidence supporting its factual findings. Weighing the evidence of the five factors in 21 U.S.C. § 823(f), DEA concluded that substantial evidence established that Dr. St. Croix had violated state and federal laws as well as the terms of her MOA. It reasoned, therefore, that it would be "'inconsistent with the public interest' for [Dr. St. Croix] to have a registration." It explained that Dr. St. Croix's violations go "to the heart of" the CSA's goals, and that she failed to take full responsibility for her actions. In view of DEA's thoroughly detailed factual findings, the revocation of Dr. St. Croix's registration was not arbitrary and capricious, an abuse of discretion, or otherwise contrary to law, *see Penick Corp.*, 491 F.3d at 488; neither was it a flagrant departure from DEA precedent, *see Chein*, 533 F.3d at 835.

Because DEA's factual determinations are supported by substantial record evidence and its sanction was neither arbitrary and capricious nor inconsistent with DEA policy and practice, the court denies the petition for review.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk